**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-30535
Summary Calendar

CHARLES VAN GUILDER,

Plaintiff-Appellant,

VERSUS

LeBLANC GROUP, in their official capacity; LOUISIANA CORRECTIONAL SERVICES, in their official capacity; RICHARD WALL, in his official and individual capacity; DRUE BERGERON, in his official and individual capacity; HARVEY, Major, in his individual capacity; GREGORY SHILO, in his individual capacity; BERGERON, Captain, in his individual capacity; RYDER, Captain, in his individual capacity; BOUTEE, Lieutenant, in his individual capacity; LOUISIANA CORRECTIONAL SERVICES SECURITY OFFICERS, Does 1-20, in their individual capacities,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-2084)

April 27, 1999

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Charles Van Guilder, an inmate in an Idaho state prison, sued all of the named defendants under 42 U.S.C. § 1983, alleging that the defendants had violated his civil rights while he was incarcerated in the Basile Detention Center in Louisiana. Van Guilder has moved for appointment of counsel to represent him in this case on two occasions. The magistrate judge has twice denied such motions from Van Guilder. After denial of the second motion for appointment of counsel, Van Guilder filed an appeal to this Court. We affirm.

The district court has discretionary power to appoint counsel to represent the indigent in

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

civil actions under 28 U.S.C. § 1915 (e)(1).  The court is not required to appoint counsel, however, absent "exceptional circumstances" regarding the type and complexity of the case.[2]  The decision of the district court should be overturned only for a clear abuse of discretion.[3]

Although Van Guilder's status as an inmate in an Idaho prison will hinder his ability to investigate the facts of this case to some degree, we nevertheless find no abuse of discretion.  Van Guilder's allegations of excessive force are neither legally nor factually complicated.  As this case is relatively straight-forward, Van Guilder, appearing without appointed counsel, should be able to present his claims adequately to the district court.

AFFIRMED.

---

[2]  Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

[3]  Id.